UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNIOR ANTONIO BANAH,<br><br>　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>NYC MTA,<br><br>　　　　　　　　Defendants. | 20-CV-10354 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

　　Plaintiff, currently detained in the North Infirmary Command on Rikers Island, brings this *pro se* action, alleging that he was seriously injured when he was hit by a subway train in Brooklyn, New York. Plaintiff sues "NYC MTA," which the Court construes as the New York City Metropolitan Transportation Authority. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

　　Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

　　Plaintiff names the New York City Metropolitan Transportation Authority as the defendant. Thus, venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the New

York City Metropolitan Transportation Authority is located within the Southern District of New York.

Even though venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. §1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under § 1404(a) appears to be appropriate in this case. Because the New York City Metropolitan Transportation Authority is located within the Eastern District of New York as well as this District, venue is proper in that district under § 1391(b)(1). Moreover, as the underlying events occurred in Brooklyn, which is in Kings County, venue is proper in the Eastern District under § 1391(b)(2).

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York.[1] 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] The Court makes no determination as to the merits of Plaintiff's claims.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 23, 2020
         New York, New York

                                             COLLEEN McMAHON
                                       Chief United States District Judge